**Otis C. COLES et al., Appellants,**

**v.**

**Robert JOHNS et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

Rehearing Denied May 1, 1964.

Terry L. Hatchett, Glasgow, for appellant.

Charles R. Richardson, Harry H. Wilson, Munfordville, for appellee.

MOREMEN, Judge.

Appellants, Coles and McGee, sought to recover in the Hart Circuit Court the sum of $7000 which had been placed in escrow

in connection with an option to buy one half interest in an oil and gas lease. The appellees, Robert Johns and escrow agent Wilson, by counterclaim, also sought to recover the amount which had been placed in escrow. The court held that Johns was entitled to the sum sought.

The owners of certain mineral rights in 176 acres of land executed and delivered to Johns a lease to the mineral rights for one year and so long thereafter as oil or gas was produced. The lease contained a forfeiture clause which read: "Well must be commenced by ninety days from date of delivery of lease or lease void. 1st well must be drilled to bottom of blue sand." Although the lease was dated March 6, 1959, when one of the lessors signed the lease, it was necessary to obtain the signature of each of certain non-residents who owned an interest in the land and the deed was not actually returned, delivered and recorded until March 13, 1959. On March 14, 1959, Johns and Otis C. Coles executed an option agreement, a pertinent part of which read:

"Party of the second part may purchase on or before March 16, 1959, at 12:00 O'clock, Noon, one half of the total acreage embraced in said lease for the sum of $7,000.00 (Seven Thousand Dollars) reserving unto the party of the first part a ¹⁄₁₆ overriding interest in the portion purchased by the second party, and said acreage shall be arrived at after a boundary survey has been made of the whole tract by starting at a mutually agreed fixed point on the northeast side and running a straight line to the southwest side at such fixed point as would equally divide the tract, and it is further granted unto the party of the second part that he may take either half."

In view of the fact that additional surveys were necessary before an actual specific assignment could be made, the sum of $7000 was placed in escrow, Wilson being the escrow agent. At the time Coles exercised the option he disclosed that he had been acting as agent for Taft McGee and instructed Johns to make assignment of the leasehold to Taft McGee. Thereafter, for a period, all parties seem to have lost interest in completing the surveys and closing the assignment. However, Johns did obtain a boundary survey of the whole tract which he delivered to the escrow agent on June 9, 1959. It may be here remembered that the option agreement provided that after a boundary survey had been made of the whole tract, the parties would mutually agree upon a fixed point from which a division line might be run. It will be noted that this survey was delivered by Johns at a time when the forfeiture provision requiring the original lessee to begin drilling had practically expired, that is, ninety days from March 13, 1959.

Appellants contend that the delivery of the boundary survey such a short time before the expiration of the ninety day period for drilling made it impossible for them to come to Kentucky and agree upon division of the lease and commence drilling. This contention requires some discussion as to expiration of the ninety day period for drilling. In other words, appellants assume that the lease was in fact forfeited and that the original owners were entitled to cancel the lease because of such failure. By the terms of the lease to Johns from Peebles and other owners of the land, the lessee was required to commence a well "by 90 days from date of delivery of lease." Although the lease was dated March 6, as we have shown above, it was not delivered to Johns until March 13. The rule in this state is that where the computation of time is to be made from a particular day, that day is excluded, Leeper v. Lemon G. Neely Co., 293 F. 967 (6th Cir.). See also Plumber v. Southern Oil Co., 185 Ky. 243, 214 S.W. 896. Thornton, Oil & Gas, sec. 239 (5th ed). The contract of lease required of the lessee affirmative acts to be performed within a period specified from the date of delivery and nothing in the instrument evinced an intention to include

the date of delivery in the computation of time. This is the computation:

| | |
|---|---|
| March 14–31: | 18 days |
| April 1–30: | 30 days |
| May 1–31: | 31 days |
| June 1–11: | 11 days |
| | 90 days |

Thus the ninetieth day would be June 11, 1959. On June 11, Johns moved a fully equipped rig onto the property and commenced drilling a well. He testified that he began operation, even though there had been no division, in order to fulfill his obligation under the lease and to prevent a forfeiture. This drilling continued and the rig was left on the premises for about thirty-three days, thus prolonging the lease for that period.

The trial court who heard this case without intervention of a jury found that Johns' action of drilling was performed in good faith and in an attempt to preserve the lease. Perhaps the original owners of the real estate, Peebles and others, could have forfeited the lease after Johns ceased drilling at the end of thirty-three days, but it was not shown that they did declare a forfeiture. In any event, the lease expired by its terms in one year because no oil was produced.

Appellant, McGee, bases his cause upon the theory that, under the option contract, the sole duty was upon Johns to execute and deliver to him the assignment of a moiety of the mineral lease and that when he failed to present a boundary survey before the lease terminated, McGee was entitled to recover the money which had been placed in escrow. Appellant seems to recognize that he had the duty, under the option, to agree upon a starting point for the division after a boundary survey was made, but he attempts to excuse his failure so to do upon the faulty premise that Johns already had forfeited the lease by failure to drill within the ninety day period.

We heretofore quoted a pertinent part of the option agreement and we are unable to discover where all duties therein are placed upon Johns. It is plain that after the boundary survey was made the parties had to find "a mutually agreed fixed point on the northeast side." Johns furnished the boundary survey but McGee made no attempt to perform his part of the agreement. His excuse—that the boundary survey was not furnished in time—is not valid. We agree with the trial court that "it appears that Johns was ready, willing and able to make the lease assignment except for McGee's failure. Because of McGee's failure it was impossible for Johns to carry out the option. His good faith throughout is evidenced by the fact that while it was as much the duty of McGee to have the survey (boundary) made under the option as it was Johns, Johns assumed the responsibility. In addition, perhaps as a precaution, he kept the lease in effect for approximately one month by undertaking to drill."

Appellant has made another contention which we believe requires comment. It is argued that since McGee signed no writing the Statute of Frauds applies. The lower court properly ruled that Coles and McGee were the real principals. All parties knew that McGee supplied the $7000 and that Coles was acting for McGee. It is not necessary that the agent's authority to purchase an interest in realty be in writing. Parke v. Spurlin, Ky., 268 S.W.2d 33. Nor is it necessary in order to hold the principal to a contract that the authorized agent disclose his agency. Chambers v. Murphy, 192 Ky. 839, 234 S.W. 960. However, in this case, the agency was disclosed by Coles. It is plain from the record that Johns performed his part of the option agreement. Coles signed the agreement as agent for McGee. To permit the Statute of Frauds to protect McGee after he had failed to carry out his part of the option agreement would be permitting the use of the Statute as a "sword and not a shield," which is never permissible. Bullock v. Young, 252 Ky. 640, 67 S.W.2d 941.

Judgment affirmed.