490 P.2d 567

**STATE FARM FIRE AND CASUALTY COMPANY, Appellant and Cross-Appellee,**

v.

**Frank G. ROSSINI and Bertha Rossini, husband and wife, Appellees and Cross-Appellants.**

**No. 10494—PR.**

Supreme Court of Arizona,
In Banc.

Nov. 11, 1971.

Rehearing Denied Dec. 7, 1971.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellant and cross-appellee.

Somers & Arnold, by Jack T. Arnold, Tucson, for appellee and cross-appellant.

HAYS, Vice Chief Justice.

This cause is before us on a petition for review of a decision of the Court of Appeals, Division Two, which modified and affirmed a judgment entered by the Superior Court of Pima County. State Farm Fire and Casualty Company v. Frank G. Rossini and Bertha Rossini, his wife, 14 Ariz.App. 235, 482 P.2d 484 (1971). The opinion of the Court of Appeals is vacated.

The facts pertinent to the disposition of this appeal are as follows: On August 11, 1967, plaintiff-appellee, Frank G. Rossini (hereinafter referred to as Rossini) was severely injured while riding as a passenger in a vehicle owned and operated by his son, Frank L. Rossini, when it was involved in a collision with another vehicle operated by Darlene Evan Dixon (hereinafter referred to as Dixon). At the time of this accident, neither the son nor Dixon had liability insurance and both subsequently had their drivers' licenses revoked by the Motor Vehicle Division of the Arizona Highway Department (hereinafter referred to as Vehicle Division) pursuant to A.R.S. § 28–1142, because of their failure to carry such insurance. Rossini, however, was the named insured under a valid automobile liability insurance policy with defendant-appellant, State Farm Fire and Casualty Company (hereinafter referred to as State Farm) which included uninsured motorist coverage.

The uninsured motorist clause of the State Farm Policy, however. contained the following exclusionary provision:

"This insurance does not apply under:

\* \* \* \* \* \*

(n) coverage U to bodily injury to an insured or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative of any person entitled to pay-

ment under this coverage shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor; * * * "

The revocation of the son's driving privileges by the Vehicle Division came at a time when the son was in financial trouble and in definite need of his license for purposes of employment. But, in order to restore these privileges, the son had to present to the Vehicle Division both proof of future financial responsibility and a signed release from liability from those involved in the accident. With these considerations in mind, therefore, the son: (1) procured the necessary automobile liability insurance; (2) obtained liability release forms from the Vehicle Division; and (3) contacted Dixon with an offer to exchange signed releases from both him and his father in return for her signed release of him. Dixon readily agreed to this exchange since she had previously approached Rossini for such a release and had been refused.

Thereafter, the son approached Rossini with a blank release form and asked him to sign it so that he, the son, could have his license restored and thereby alleviate his financial distress. Rossini, apparently without knowledge of the nature or content of the document presented, signed the release. No money changed hands. The son then proceeded to have the name of Darlene Evan Dixon inserted as the released party and the document notarized.

The signed and notarized release authored by Rossini appeared at the trial as follows:

"ARIZONA HIGHWAY DEPARTMENT
MOTOR VEHICLE DIVISION

RELEASE OF LIABILITY

TO: MOTOR VEHICLE DIVISION      F. R. Case No.
     Financial Responsibility      8117060
       Service      ~~11207060~~
     2324 N. 20th Ave.      Accident
     Phoenix, Arizona 85009      Date

(I) (We) the undersigned, for good and valuable consideration, do hereby release

DARLENE EVAN DIXON
(Name of Party being released)

2309 North Ralph
(Complete Address)

of and from any and all claims and liability for/or on account of a motor vehicle accident occurring on or about

the <u>11</u> day of <u>August</u> 19<u>67</u> in which the undersigned were involved

FRANK G. ROSSINI SR.
(Signature of party giving release)

933 W. Drexel Rd.
(Address)"

---

Subsequently, the son exchanged releases with Dixon pursuant to their agreement, submitted Dixon's release to the Vehicle Division along with proof of future automobile liability coverage, and regained his driver's license.

Rossini and his wife eventually filed suit against Dixon and State Farm in the Superior Court of Pima County and asserted two counts: (1) against Dixon for damages incurred as the result of her alleged negligence in operating a motor vehicle which resulted in injury to Rossini, and (2) against State Farm for breach of contract, i. e., refusal to pay uninsured motorist coverage benefits under the policy issued by it to Rossini.

State Farm filed a responsive pleading to Rossini's second count and alleged, *inter alia*: (1) that Rossini had executed a fair and binding release to Dixon without the knowledge or consent of the insurer and thereby destroyed the insurer's right of subrogation; (2) that the execution of this release was in violation of the provisions of the exclusionary clause in the uninsured motorist provision of the insurer's policy; and, therefore, (3) that the execution of this release barred any further claims of Rossini against State Farm.

Pursuant to stipulation of counsel, Count Two of the complaint with respect to coverage was tried to the court, sitting without a jury, prior to the trial on Count One. The issues considered at this trial included: (1) whether Rossini had uninsured motorist coverage under the State Farm policy and, if so, (2) whether State Farm was entitled to have the issues of liability and the amount of damages arbitrated pursuant to the terms of their policy. The trial court held that there was uninsured motorist coverage and that Rossini's claim pursuant thereto was subject to arbitration.

State Farm and Rossini both appealed from this judgment; State Farm, as to the existence of coverage under their policy, and Rossini, as to the holding with respect to arbitration and also that the limit of his recovery was $10,000.00.

There are two primary questions before us on this appeal which we find to be determinative of the cause: (1) whether the release executed by Rossini was supported by consideration and, if so, (2) whether the execution of such a release was sufficient to preclude recovery by Rossini under the State Farm uninsured motorist provision.

With respect to the first issue, the trial court apparently found, in determining the coverage question in favor of Rossini, that the signed and notarized release issued to Dixon was not supported by consideration and, therefore, was not binding on the parties. We disagree with this conclusion and will not be bound by it since an interpretation of an instrument is a question of law to be determined by this court independent of the trial court's findings. T. D. Dennis Builder, Inc. v. Goff, 101 Ariz. 211, 418 P.2d 367 (1966); LeBaron v. Crismon, 100 Ariz. 206, 412 P.2d 705 (1966).

It has been held that a benefit to a third person may be sufficient for consideration if the benefit was the inducement for the promise. Kam Chin Chun Ming v. Kam Hee Ho, 45 Haw. 521, 371 P.2d 379 (1962); Restatement, Contracts § 75; 1 Williston on Contracts, 3rd Ed. § 113; 17 C.J.S. Contracts § 89.

In the instant case, Rossini signed the release so that his son could regain his license. Although by signing the release Rossini accomplished more than he had intended, the fact remains that he did bestow a benefit (the restoration of the license) on his son (a third party) and the benefit bestowed was the inducement for the signature.

We find, therefore, that the release executed by Rossini was a valid release fully supported by consideration.

As to the second issue, the uninsured motorist provision of the State Farm policy issued to Rossini clearly stated that such coverage would not apply if the insured, without the written consent of the company, made any settlement with any person legally liable for the injuries. And it has been held that a release, for the purposes of allowing the uninsured motorist to meet the requirements of a Financial Responsibility Law, i. e., the Vehicle Division requirements, constitutes a "settlement" and operates to absolve an insurer of liability

under the uninsured motorist coverage, notwithstanding the motives prompting execution of the release. American Fidelity Fire Ins. Co. v. Richardson, 189 So.2d 486 (Fla.App.1966); Coles v. Johns, 377 S.W. 2d 587 (Ky.App.1964).

In light of the foregoing, we find that the valid release executed by Rossini was a direct violation of the terms of the State Farm policy and thereby sufficient to absolve State Farm of any liability to Rossini for uninsured motorist protection under its policy.

Judgment of the Superior Court of Pima County reversed and the cause remanded for proceedings not inconsistent with the foregoing decision.

STRUCKMEYER, C. J., and LOCKWOOD and CAMERON, JJ., concur.

Note: Justice UDALL did not participate in the determination of this matter.