526 P.2d 1264

**DAIRYLAND INSURANCE COMPANY,**
a corporation, Appellant,

v.

**Hector LOPEZ and Jo Ann Lopez,**
his wife, Appellees.

**No. 2 CA–CIV 1626.**

Court of Appeals of Arizona,
Division 2.

Oct. 10, 1974.

George Sorenson, Jr., Phoenix, for appellant.

Miller, Pitt & Feldman, P. C. by Jeffrey H. Schwartz and Stanley G. Feldman, Tucson, for appellees.

## OPINION

HOWARD, Judge.

This is an appeal from a summary judgment in an action for a declaratory judgment challenging the validity of the following uninsured motorist coverage provision in the automobile insurance policy issued by appellant to appellees:

"This endorsement does not apply: * * * (b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor . . . ."

The basic facts are not in dispute. On November 17, 1971, appellees were involved in an automobile accident caused by two other automobiles, one insured and the other uninsured. Appellees, without the written consent of appellant, its insurance carrier, accepted the sum of $1,084.44 from the insurance carrier of the insured vehicle in exchange for a covenant not to sue.

The trial court granted appellees' motion for summary judgment and decreed that appellant was not absolved or released from liability to appellees because of appellees' settlement of their claim against the driver of the insured vehicle without appellant's written consent.

A.R.S. § 20–259.01 (Supp.1974) provides:

"A. On and after January 1, 1966, no automobile liability or motor vehicle lia-

bility policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. For the purposes of the coverage provided for pursuant to this section, 'uninsured motor vehicles', subject to the terms and conditions of such coverage, includes any insured motor vehicle where the liability insurer thereof is unable to make payment on the liability of its insured, within the limits of the coverage because of insolvency."

It is appellees' position that the provision in question, as applied to the facts of this case, is contrary to the public policy of the State of Arizona and is therefore void. We agree.

■ The uninsured motorist statute establishes in this state a public policy that every insured is entitled to recover the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance in a solvent company. Transportation Ins. Co. v. Wade, 106 Ariz. 269, 475 P.2d 253 (1970).

Prior to 1972 uninsured motorist coverage was optional. It is now mandatory. A.R.S. § 28–1170(F)(1) of the Financial Responsibility Act contains the following provision:

" . . . and no violation of the policy shall defeat or void the policy."

In Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967), the Court held that the foregoing statutory provision of the Financial Responsibility Act controlled, and a policy provision which defeated liability if the insured failed to notify his insurer of the filing of a lawsuit was void.

■ Although our Uninsured Motorist Law does not contain such a statutory provision we do not deem such omission fatal to appellees' position. In making the coverage mandatory the legislature filled the gap. Now all persons travelling our highways are protected from the financially irresponsible driver. The uninsured motorist statute was amended in 1972 to prevent the insured from rejecting coverage. To uphold the policy provision under consideration would allow the insured to do indirectly what he cannot do directly, i. e., cause a rejection of coverage. Therefore, the policy provision, under the facts of this case, is void.

Appellant cites State Farm Fire and Cas. Co. v. Rossini, 107 Ariz, 561, 490 P.2d 567 (1971) as upholding its position. In *Rossini* the insured signed a document which released the uninsured motorist. This was done without the written consent of the insurance company. The State Farm policy contained the same provision as the one in the Dairyland policy. The Arizona Supreme Court held that since the release was in direct violation of the terms of the policy, State Farm was absolved of any liability under its uninsured motorist coverage.

*Rossini* is distinguishable from the case sub judice. In *Rossini* the release was given to the uninsured motorist and not, as in the instant case, to an insured joint tortfeasor. Of greater importance is the fact that the policy in *Rossini* was issued and the case was decided prior to the amendment making uninsured motorist coverage mandatory. Furthermore, the court was not asked to consider the effect of our statute on the provision in question. See, State Farm Fire and Cas. Co. v. Rossini,

14 Ariz.App. 235, 239, 482 P.2d 484 (1971), vacated, 107 Ariz. 561, 490 P.2d 567 (1971).

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.