561 P.2d 744

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Appellant,**

v.

**Gabriel V. TARANTINO, Appellee.**

**No. 12686.**

Supreme Court of Arizona,
In Division.

Feb. 28, 1977.

Hofmann, Salcito & Hover by Leroy W. Hofmann, Phoenix, for appellant.

Anderson & Holloway, Frederick M. Aeed by Paul W. Holloway, Phoenix, for appellee.

HAYS, Justice.

The defendant below, State Farm Mutual Automobile Insurance Company, is appealing from the trial court's granting the plaintiff's motion for summary judgment in an action for a declaratory judgment. The Arizona Supreme Court has jurisdiction pursuant to rule 47(e)(5) of the Rules of the Supreme Court, 17A A.R.S.

The facts are not in dispute. On May 11, 1969, the plaintiff-appellee, Gabriel Tarantino, a police officer for the city of Phoenix, was involved in an auto accident while in pursuit of a reportedly stolen vehicle. The driver of the other car involved in the collision was one Rufus Jacobs who was arrested for drunk driving and driving without a license. As a result of the accident, the appellee suffered an injury to his knee for which he was treated soon thereafter. The knee was swollen and discolored for several days but the swelling and discoloration soon subsided. According to Tarantino the knee continued "clicking and popping" and was uncomfortable.

It was learned shortly after the accident that neither the owner nor the driver of the other car carried liability insurance at the time of the accident. Tarantino was insured by State Farm and his policy provid-

ed for uninsured motorist coverage; however, a claim was not immediately made and State Farm was not notified of the accident until some time later.

In 1970 Tarantino's knee "locked up" while he was walking down some stairs, thereby necessitating surgery. The first operation was in July of 1970 and a second was performed about six months later. When the knee did not improve, a third operation was performed in 1972.

Following the first operation, a workmen's compensation claim was filed and was allowed. In November of 1973, Tarantino's attorney filed a formal claim with State Farm under the uninsured motorist coverage of his policy, informing them for the first time of the May 11, 1969 accident. State Farm refused to pay alleging a breach of the policy relating to Tarantino's failure to notify State Farm of the loss "as soon as practicable." State Farm's claim of breach was founded on the following provisions of the policy:

"Policy Conditions

"Notice. In the event of an accident or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, and the names and addresses of injured persons and available witnesses, shall be given by or on behalf of the insured to the company or any of its authorized agents *as soon as practicable.* . . .

.        .        .        .        .

"6. Medical Reports; Proof of Claim—

.        .        .        .        .

As soon as practicable the person making a claim . . . shall give to the company written proof of claim, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable." (Emphasis added).

Following State Farm's refusal to pay, Tarantino filed suit in the Superior Court of Maricopa County asking for a declaratory judgment that the policy provisions be de-

creed null and void as contrary to the public policy of this state. State Farm filed an answer and moved the court for summary judgment on the grounds that the failure of the insured to provide timely notice of the loss constituted a breach of the policy and relieved the insurer of liability. Tarantino filed a cross-motion for summary judgment arguing that the contract provisions requiring notice "as soon as practicable" are against the public policy of this state as stated in A.R.S. § 12–548 which, pursuant to a recent judicial decision, allows claimants up to six years within which to bring suit as provided by the uninsured motorist provisions of a written insurance contract. *Transnational Ins. Co. v. Simmons,* 19 Ariz. App. 354, 507 P.2d 693 (1973).

The trial court granted Tarantino's motion for summary judgment, decreeing that Tarantino was covered by the policy. State Farm appeals from that judgment.

■ The appellee, in his response to the appellant's motion for summary judgment, argued that under the circumstances of this case, notice to State Farm four and one-half years after the accident was "as soon as practicable." However, in his brief to the court, the appellee has not controverted the issue of breach based on the failure to give timely notice and has apparently abandoned such a position. As a result, we can assume for the purposes of this appeal that the notice issue is conceded by the appellee. *Porter v. Empire Fire & Marine Ins. Co.,* 106 Ariz. 274, 475 P.2d 258 (1970). We are thus presented with but one issue on appeal: Is the requirement that notice be given "as soon as practicable" void as contrary to the public policy of this state?

■ The courts have on numerous occasions recognized a somewhat general public policy, founded upon our uninsured motorist statute, A.R.S. § 20–259.01 to afford protection to insureds when they are the innocent victims of the negligence of uninsured motorists. *Transportation Ins. Co. v. Wade,* 106 Ariz. 269, 475 P.2d 253 (1970). As our Court of Appeals stated in *Geyer v. Reserve Ins. Co.,* 8 Ariz.App. 464, 467, 447 P.2d 556,

559 (1968): ". . . Arizona will be nowhere but in the forefront of jurisdictions in making available to automobile accident victims the fullest benefits of insurance coverage."

■ Such a policy does have its limits, however, and we are confident that the legislature never intended, in enacting § 20–259.01 to impose absolute liability on insurers whenever an uninsured motorist is involved, nor did they intend to make unenforceable all contractual provisions wherein the liability of the insurer may somehow be limited or totally negated for cause.

■ Considering the purpose underlying the contractual provision requiring notice as soon as practicable, it is clear that such a provision is in no way in derogation of our state's policies. Such a term is included in contracts of insurance in order to afford the company the opportunity to promptly investigate the facts surrounding the accident, to look into the validity and extent of the alleged injuries and to gather medical information, evidence and other particulars necessary to help them determine, among other things, whether to settle the claim, for what amount, and whether to take the case to court, etc. Such investigation, to be effective, must obviously be done soon after the occurrence while the "trail is fresh" and not four and one-half years later when the witnesses may be gone, the evidence discarded and the medical memories dim. For us to hold that such a provision requiring prompt notice is invalid and that a claimant has up to six years within which to give such notice, would not only tie the insurer's hands but it might, in effect, invite the filing of fraudulent claims which the insurance companies would be totally unable to question or verify. Clearly, such a position is untenable and one which we refuse to take.

The appellee has relied heavily on the case of *Transnational Ins. Co. v. Simmons, supra,* which, it is argued, established a "public policy" of allowing claimants up to six years within which to bring claims under the uninsured motorist provisions of an insurance policy. The appellee contends that "any provision in the insurance policy of the defendant to the contrary is void as against this stated public policy."

In *Simmons,* the Court of Appeals held that the six-year statute of limitations found in A.R.S. § 12–548 is applicable to claims made under the uninsured motorist provisions of an automobile liability policy rather than the two-year period under A.R.S. § 12–542. It is apparently the appellee's contention that because he has been given, pursuant to *Simmons* and § 12–548, up to six years within which to bring a claim against parties potentially liable in our court system, he also has, as a matter of public policy, up to six years within which to notify the insurance company of any claims he may have and that a provision requiring such notification "as soon as practicable" is void.

■ We are unable to agree with such a far-reaching extension of the *Simmons* decision and we think the appellee's position is wholly untenable. *Simmons* simply held that a claimant has six years within which "[a]n action . . . shall be commenced and prosecuted . . ." A.R.S. § 12–548. The case deals only with the question of which statute of limitations applies to a situation of this sort. A prompt notice requirement is strictly a matter of contract law which we will not disturb.

■ The appellants have, on the other hand, placed great emphasis on the case of *State Farm Fire & Casualty Co. v. Rossini,* 107 Ariz. 561, 490 P.2d 567 (1971). In *Rossini,* a State Farm insured was injured while riding as a passenger in his son's car which was involved in a collision with a car driven by a Darlene Dixon. Neither Ms. Dixon nor Rossini's son carried liability insurance and, as a result, both had their driver's license revoked pursuant to A.R.S. § 28–1142. Rossini himself did however carry uninsured motorist coverage which provided indemnification in this situation. In order to regain his son's driving privileges, Rossini signed a release absolving Ms. Dixon from any liability she would otherwise incur as a result of the collision. In so

doing, however, Rossini breached a provision of his insurance policy with State Farm by making a settlement without the written consent of the company. As a result, State Farm refused to pay Rossini the uninsured motorist coverage benefits under the policy. The Arizona Supreme Court upheld State Farm's position:

> "[W]e find that the valid release executed by Rossini was a direct violation of the terms of the State Farm policy and thereby sufficient to absolve State Farm of any liability to Rossini for uninsured motorist protection under its policy." 107 Ariz. at 566, 490 P.2d at 571.

We are of the opinion that our decision in *Rossini* governs here and that the material breach of the insurance contract by Tarantino similarly absolved the insurer of his responsibility under the contract.

The appellee has attempted to minimize the precedential value of *Rossini* by arguing that the *Rossini* decision is no longer the controlling case law of this state, having been superseded by the more recent decision of the Court of Appeals in *Dairyland Ins. Co. v. Lopez*, 22 Ariz.App. 309, 526 P.2d 1264 (1974). In that case, the insured was involved in an accident with two other vehicles, one of which was insured, the second was uninsured. Lopez had a policy which contained the same provision as Rossini's, forbidding settlements without the company's written consent. In violation of the settlement-consent provision, Lopez, the insured, accepted a settlement offer in exchange for a covenant not to sue from the insurance carrier of the *insured* vehicle. Dairyland Insurance Company refused to pay Lopez benefits under the uninsured motorist provisions of the policy. The Court of Appeals held that under the facts of that case, the provision requiring consent prior to settlement was void as against public policy.

The appellee argues that because *Dairyland* was decided after the 1972 amendment to A.R.S. § 20–259.01, which made uninsured motorist coverage mandatory, it more correctly pronounces the law of this state

than *Rossini* which came down prior to the amendment. We disagree.

■ First, the 1972 amendment did not in itself establish this policy of favoring recovery to insureds who incur damages as the result of collisions with negligent uninsured motorists. Such a policy was first promulgated with the passage of the original uninsured motorist statute in 1965 and was judicially recognized by this court at least as early as 1970 in the companion cases of *Transportation Ins. Co. v. Wade, supra*; *Porter v. Empire Fire & Marine Ins. Co., supra*; and *Bacchus v. Farmers Ins. Group Exchange*, 106 Ariz. 280, 475 P.2d 264 (1970). Such a policy was thus firmly established in this state at the time of the *Rossini* decision and was one that this court was fully aware of in handing down its opinion in that case. Although it is true that the amendment has most certainly furthered the legislative design of assuring protection to the innocent victims of uninsured motorists, we cannot see how that legislation in any way vitiated our holding in *Rossini*.

■ Secondly, the *Dairyland* case is distinguishable on its facts from both the case at bar and *Rossini*. In *Dairyland*, the release was given to the third driver involved in the accident who carried his own liability insurance. A release was not given to the uninsured driver who was thus still subject to suit by either the insured or the insurer and who could still be held accountable. Nonetheless, the insurer attempted to void its responsibility under the contract, relying on a breach that in no way affected their recourse against the negligent uninsured motorist. Both here and in *Rossini*, however, the insured's conduct constituting the breach severely prejudiced the ability of the insurer to seek indemnification from the uninsured driver. In *Rossini* the release was given directly to the uninsured motorist and here the four and one-half year delay made the insurer's investigation exceedingly more difficult than had notice been given promptly. Thus, in *Dairyland* the company's avoidance of the policy was based on a purely technical and wholly in-

consequential breach of the policy, whereas here and in *Rossini* the breaches in question were material and prejudicial to the insurer. We think this distinction is significant.

■ Finally, we note that had the legislature wished to limit or abrogate the rule laid down in *Rossini* or, more specifically, had it intended that a material breach of the insurance contract would not relieve the insurer of liability, it could have easily done so as it did in the Financial Responsibility Act in § 28–1170(F)(1).* The fact that the legislature did not include a similar provision in the uninsured motorist statute and the fact that they saw fit to amend the statute elsewhere since our decision in *Rossini*, evinces a legislative satisfaction with the mandate of that case. We therefore refuse to overrule our decision in *Rossini* and still find it to be good law.

In light of the foregoing, we hold that the appellee's breach of the insurance policy by his failure to give notice of the loss to the insurer "as soon as practicable" relieved the insurance company of its obligation under the contract. We therefore reverse the order of the trial court granting the plaintiff's motion for summary judgment and remand with directions to grant the defendant's motion for summary judgment.

Reversed and remanded.

HOLOHAN, J., and HENRY S. STEVENS, Judge, concur.

Note: The Honorable Henry S. Stevens, Judge, retired, was called to participate in the disposition of this matter.

---

* Section 28–1170(F)(1) reads:

"*F.* Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

"1. The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute when injury or damage covered by the motor vehicle liability policy occurs. The policy may not be cancelled or annulled as to such liability by an agreement between the insurance carrier and the insured after the occurrence of the injury or damage, and no statement made by the insured or on his behalf and *no violation of the policy shall defeat or void the policy.*" (Emphasis added).