Nelson **MULLEN** and Dale
Mullen, Appellants,

v.

Curtis A. **TUCKER**, Edward C. Tucker
and American Inter-Insurance
Exchange, Appellees.

No. 88A04–8611–CV–339.

Court of Appeals of Indiana,
Fourth District.

July 22, 1987.

David P. Allen, Allen & Newkirk, Salem, for appellants.

Barry N. Bitzegaio, Steven A. Gustafson, Lorch Moyer Gesenhues & Bitzegaio, New Albany, for appellees.

MILLER, Judge.

Nelson Mullen, a minor, and his brother Dale filed suit against American Interinsurance Exchange (American) alleging American breached its insurance contract with them when it refused to reimburse them for injuries they sustained in a collision with Curtis Tucker, an uninsured driver. American moved for summary judgment and claimed the Mullens were excluded from coverage because they executed releases (which they did) in favor of Edward C. Tucker, Curtis's father. The trial court granted American summary judgment, and the Mullens appeal. We affirm the judgment against Dale Mullen but reverse with respect to Nelson because a question remains as to whether Nelson, as a minor, voided his release.

## FACTS

On October 11, 1980, a truck driven by Curtis C. Tucker crossed the center line of U.S. Highway 150 in Washington County and collided with truck in which Dale and Nelson Mullen were riding. The Mullens were injured and their truck was damaged.

Tucker's truck was registered in the name of his father, Edward C. Tucker. The Mullens contacted Edward to try and reach a settlement. Edward agreed to pay and, did in fact pay, each of the Mullens $1,000 in exchange for written releases from any liability for the crash.[1]

Curtis carried no liability insurance, so the Mullens filed a claim with their insurance carrier, American Interinsurance Exchange, under the section of their contract which covered protection against uninsured drivers. This section was subject to certain limitations and exclusions, including one which read:

"This policy does not apply under Part IV:

\*    \*    \*    \*    \*    \*

(b) to bodily injury to an insured with respect to such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make *any settlement* with *any person or organization who may be legally liable therefor....*" Record, p. 20 (emphasis added).

When American learned of the releases the Mullens granted Edward, it refused, pursuant to this exclusion, to honor their claim for medical expenses.

## DECISION

The Mullens raise several challenges to the trial court's grant of summary judgment. We restate their claimed errors as follows:

1. Is American excluded from liability under the contract because the Mullens executed written releases in favor of Edward Tucker?

2. Is a voidable settlement (the release by Nelson Mullen, a minor) sufficient to excuse American from liability?

---

1. Edward also claims to have paid the Mullens another $1,000 for damages to their truck. The Mullens claim he did not. The evidence of this payment is, at best, inconclusive.

3. Are there any issues of material fact to be resolved which render summary judgment inappropriate?

## Issue 1

■ We first note that, in Indiana, courts cannot ignore the plain wording of an insurance contract. *Farthing v. Life Insurance Company of North America* (1986), Ind.App., 500 N.E.2d 767. We will not rewrite insurance contracts in order to extend greater coverage than that to which the parties agreed, *Id.; American States Insurance Co. v. Aetna Life and Casualty Co.* (1978), 177 Ind.App. 299, 379 N.E.2d 510, because, as we noted in *Farthing*, "Even an insurance company, after all, is entitled to rely on the contracts it signs." *Farthing, supra,* 500 N.E.2d at 771.

■ Here, we have an insurance contract which purports to exclude American from liability if the insureds—the Mullens—settled with any potentially liable party. We have previously held exclusions such as this to be enforceable, since they serve to preserve the insurer's rights to subrogation. *Dravet v. Vernon Fire Insurance Co.* (1983), Ind.App., 454 N.E.2d 440. We will enforce such exclusions as they are written and, when such provisions are applicable, we will find no basis for recovery under the insurance contract.

■ The Mullens argue the exclusion does not apply in their case because there was no theory of law under which Edward Tucker could be held liable for their injuries.[2] The plaintiff in *Dravet* made similar contentions which Judge Young, writing for this court, rejected, stating:

"The Dravets contend the policy exclusion was not applicable to the facts of this case. *Specifically, they contend Stacy* [the party whom they released from liability] *could in no way be held legally liable to them and therefore conclude the provision was inapplicable. The Dravets once asserted that Stacy was legally liable. They received a settlement from Stacy relying on a claim that he was liable. Now they contend that there was no way Stacy could be held liable. They cannot have it both ways.* The settlement made in response to a claim of legal liability conclusively establishes Stacy as a 'person ... who may be legally liable' for the accident." 454 N.E.2d at 442. (emphasis added).

The Mullens assert *Dravet* does not govern their case because they never claimed Edward Tucker was liable. They claim they settled with him for his own convenience, not because they thought he was liable. We find no merit in this argument. The releases, which were phrased identically, read:

"For and in consideration of the sum of One Thousand Dollars ($1,000.00), I hereby release Edward C. Tucker from all liability and causes of action, except expenses for further medical treatment, I may have against him arising out of an automobile accident which occurred on October 11, 1980, in Palmyra, Indiana, whereby his vehicle struck mine." Record, p. 21.

They state on their faces that the Mullens may have a cause of action against Edward Tucker. We will not look beyond these documents to try and determine what motivated the Mullens to execute them. *Rose v. Rose* (1979), 179 Ind.App. 299, 385 N.E.2d 458. We agree with the Arizona Supreme Court, which noted, in a case similar to this, "a release ... constitutes a 'settlement' and operates to obsolve an insurer of liability under the uninsured motorist coverage, *notwithstanding the motives prompting the execution of the release.*" *State Farm Fire and Casualty Co. v. Rossini* (1971), 107 Ariz. 561, 564–565, 490 P.2d 567, 570–571. (citing *American Fidelity Fire Insurance Co. v. Richardson* (1966), Fla.App.,189 So.2d 486 , cert. denied sub nom. *Richardson v. American Fire Insurance Co.* (1967), Fla., 200 So.2d

---

2. Specifically, the Mullens contend the case of *Wimp v. Anthis* (1979), Ind.App., 396 N.E.2d 918 bars liability because it held that possession of an automobile by a family member who causes an accident is, by itself, insufficient to establish liability on the part of another member of the family who owns the car. *Wimp* did not, however, address other possible bases of liability.

814; *Coles v. Johns* (1964), Ky.App., 377 S.W.2d 587.) (emphasis added). We hold the trial court properly refused to inquire into the Mullens' motivation for granting the releases; the releases themselves are sufficient to support the allegation that Edward Tucker was a "person ... who may be legally liable." [3] Thus, the trial court did not err in granting summary judgment on these grounds.

### Issue II

Nelson Mullen argues the insurance policy exclusion should not apply to him because he voided the release which invoked the exclusion. American responds that the exclusion became effective at the time Nelson executed the release, and the effect of the exclusion could not be avoided by Nelson's action of voiding the release. Alternately, American argues Nelson never effectively voided the release. We do not agree with either of American's arguments.

■ In Indiana, as in most states, contracts into which a minor enters are voidable at the minor's option. *Clark v. VanCourt* (1884), 100 Ind. 113. The minor, if he retains the consideration he received under the contract, is required to return the consideration to the other party. *Story & Clark Piano Co. v. Davy* (1918), 68 Ind. App. 150, 119 N.E. 177. However, return of the consideration has been held not to be a condition precedent to the power to void the contract. *Bowling v. Sperry* (1962), 133 Ind.App. 692, 184 N.E.2d 901; 43 C.J.S. *Infants* § 175.

■ American claims Nelson, because he retains the consideration he received for the release, has not voided the release and, consequently, he is excluded from coverage under the contract. While Nelson may have an obligation, upon voiding the release, to return the $1,000 he received from Tucker, his failure to return the $1,000 did not preclude him from voiding the release. American has not produced any other evidence to prove Nelson has failed to void the release. Because American moved for summary judgment, it bore the burden of demonstrating no issue of fact existed as to whether Nelson voided the release. *Swanson v. Shroat* (1976), 169 Ind.App. 80, 345 N.E.2d 872. Under these circumstances, the trial court was obligated to view the facts and inferences in the light most favorable to Nelson. *Id.* We find an open question remains as to what steps Nelson took to void the release he granted Tucker; it was error for the trial court to grant summary judgment while the facts relating to Nelson's actions in voiding the release remain unresolved.

■ American also argues summary judgment was appropriate even if Nelson successfully voided the release, because the policy exclusion stated that "any release" of a potentially liable party would result in the loss of coverage. This language, American reasons, must mean that all exclusions, even those which are unenforceable or invalid, will invoke the policy exclusion. We do not agree.

In *Dravet*, we noted that we enforce this kind of policy exclusion in order to protect the insurers right of subrogation. We also noted, however, that any limiting provision which dilutes or diminishes this protection mandated by statute would be void against public policy.[4] If we were to hold that even unenforceable releases invoked this type of policy exclusion, we would allow insurers to avoid liability even where their rights of subrogation are not threatened. This was neither the rule nor the intent of *Dravet*. Such a holding could clearly contravene the legislature's desire to extend uninsured motorist protection to the drivers of this state. We cannot, therefore, find merit in the argument advanced by American. Consequently, we conclude the

---

3. We will not, of course, speculate as to whether there are any specific theories of liability under which the Mullens could have recovered against Tucker.

4. In *Dravet*, we interpreted the effect of an exclusion under IND.CODE 27–7–5–1 (1976), which mandated that every insurance policy sold in this state provide uninsured motorist coverage. This section has been repealed by I.C. 27–7–5–2, which also mandates insurers provided uninsured motorist protection.

trial court erred in granting summary judgment against Nelson Mullen.

### Issue III

Finally, Dale Mullen argues the trial court erred in granting summary judgment because legitimate issues of material fact remained unresolved when the court granted judgment. In his briefs, Mullen identifies twelve separate issues. Many of these issues, in substance, identical, and we will consolidate and restate them as follows:

1. Could Edward Tucker be held legally liable for the damages the accident caused to the Mullens?
2. Did the Mullens intend to release Tucker from liability because they believed him to be liable, or as an accomodation to him?
3. How much money did Tucker pay to the Mullens?

It is true that a motion for summary judgment is not to be granted lightly, since summary judgment prevents the losing party from fully litigating his claim. *Joseph v. Calvary Baptist Church* (1986), Ind.App., 500 N.E.2d 250. Summary judgment should only be granted where there are no conflicts as to any *material* fact, *Letson v. Lowmaster* (1976), 168 Ind.App. 159, 341 N.E.2d 785, and where there are no conflicts as to any *material* inferences which could *reasonably* be drawn from the facts. *Wozniczka v. McKean* (1969), 144 Ind.App. 471, 247 N.E.2d 215. Where no issues of material fact or reasonable conflicting inferences exist, however, summary judgment is appropriate. *Farthing, supra.*

▮ We will not inquire into the presence or absence of any basis for legal liability against Tucker arising out of the accident, nor will we inquire as to whether the Mullens believed Tucker to be liable and intended to release him from liability. We may not look behind an otherwise valid release in an attempt to determine what each party intended the release to mean, *Rose, supra;* we will give the release the meaning apparent on its face.[5] Thus, there was no factual issue properly before the

trial court concerning Tucker's liability or the Mullens' intent, and the trial court did not err in granting judgment as to these issues.

▮ Mullen further claims there is a dispute as to the amount of money Tucker paid the brothers. Tucker said he paid the Mullens $3,000, and they said he paid them $2,000. We agree a factual dispute exists, but we cannot agree that it is a material factual dispute. No matter how this dispute is resolved, the fact the Mullens received some valid consideration for the releases they granted Tucker remains undisputed. A material fact is one which may be dispositive of the litigation. *French v. Hickman Moving & Storage* (1980), Ind. App., 400 N.E.2d 1384. Obviously, the amount of money Tucker paid will not dispose of this litigation. We can find no outstanding issues of fact. We conclude the trial court did not err in granting summary judgment on this ground. We affirm the trial court's summary judgment in favor of American Interinsurance and against Dale Mullen. However, because we find an issue of fact exists as to whether Nelson voided the release he granted Tucker, and because we hold a void release does not invoke the exclusion of liability under the policy, we reverse the summary judgment in favor of American and against Nelson Mullen.

Affirmed in part, reversed in part, and remanded.

BUCHANAN and YOUNG, JJ., concur.

---

**5.** See our discussion of issue I.