**Brian LOSINIECKI, Appellant–
Plaintiff Below,**

v.

**AMERICAN STATES INSURANCE COM-
PANY and Governmental Interinsur-
ance Exchange, Appellees–Defendants
Below.**

No. 75A03–9207–CV–217.

Court of Appeals of Indiana,
Third District.

March 22, 1993.

date of the crime are two separate issues. *See*

Hugo E. Martz, Valparaiso, for appellant.

IC 35–36–2–1 to 5 and IC 35–36–3–1.

Jeff J. Shaw, Valparaiso, for appellees.

STATON, Judge.

Brian Losiniecki appeals the trial court's grant of summary judgment in favor of American States Insurance Company ("American"). Losiniecki raises two issues for our review which we consolidate into one and restate as follows: whether Losiniecki is entitled to recover benefits from American pursuant to an uninsured/underinsured motorist coverage clause in an automobile insurance policy issued by American.

We affirm.

On July 17, 1989, Losiniecki was injured while riding as a passenger on a motorcycle driven by Thomas Lilley ("Lilley"). The accident occurred when Lilley's motorcycle collided with a police vehicle driven by Michigan City police officer Andrew Coan. At the time of the accident, Losiniecki was an insured under his father's automobile insurance policy issued by American.

Losiniecki settled his claim with Lilley's insurance company, State Farm Mutual Auto Insurance Company ("State Farm"), for $50,000.00. Losiniecki did not obtain American's consent before entering the settlement. Losiniecki subsequently filed a negligence suit against Officer Coan and the Michigan City police department. The trial court granted summary judgment in favor of the officer and the police department on grounds of immunity pursuant to the Indiana Tort Claims Act.[1] Because the $50,000.00 Losiniecki received from State Farm did not cover the costs of the injuries he had suffered, Losiniecki instituted this action against American pursuant to the uninsured/underinsured motorist provisions in the insurance policy issued to Losiniecki's father. Losiniecki based his claim to underinsured motorist benefits on Lilley's negligence, and his claim to uninsured motorist benefits on the police officer's negligence. The trial court granted sum-

mary judgment in favor of American with respect to both claims.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

First, Losiniecki contends he is entitled to recover benefits under the underinsured motorist provision because the costs of his injuries exceed Lilley's insurance policy limits with State Farm. We do not agree. The terms of the underinsured motorist provision in the policy issued by American states that coverage is not provided where the insured person settles a bodily injury or property damage claim without the consent of American. Courts cannot ignore the plain wording of an insurance contract. *Mullen v. Tucker* (1987), Ind.App., 510 N.E.2d 711, 713. We will enforce exclusions from liability as they are written in the insurance contract because they serve to protect the insurer's rights to subrogation. *Id.* Losiniecki's failure to obtain American's consent before settling with State Farm relieves American of its obligation to provide underinsured motorist benefits with respect to Lilley's negligence.[2]

---

1. IND.CODE 34–4–16.5–3(7) (1988) provides that "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from ... the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations),

unless the act of enforcement constitutes false arrest or false imprisonment...."

2. Losiniecki argues the summary judgment was improper because, in its order, the trial court did not address the underinsured motorist cov-

Next, Losiniecki argues he is entitled to uninsured motorist benefits from American because IC 34-4-16.5-3(7) prevents him from recovering from Officer Coan, a tort-feasor. The Indiana Uninsured Motorist Act[3] provides that an insurance policy must include coverage for bodily injury for the protection of the insured who is *legally entitled to recover* damages from owners or operators of uninsured motor vehicles because of bodily injury resulting therefrom. The policy issued by American to Losiniecki's father provides such coverage. However, Losiniecki fails to establish that he is legally entitled to recover damages from Officer Coan.

[The Indiana Uninsured Motorist Act] does not create a new right in the plaintiff to sue an uninsured motorist; it merely provides a new procedure whereby such plaintiff may recover his loss against his own insurer. Thus any action on the contract is inescapably tied to the legal liability of the uninsured motorist. Without this liability, recovery is barred since the right to recover contemplated by the statute stems from the right of action against a tort-feasor.

*Bocek v. Inter-Insurance Exchange of the Chicago Motor Club* (1977), Ind.App., 369 N.E.2d 1093, 1096 (citations omitted) (statute of limitations applicable to the underlying action was bar to claim for uninsured motorist benefits).

IC 34-4-16.5-3(7) precludes Losiniecki's right of action against Officer Coan and, thus, his legal entitlement to recovery of uninsured motorist benefits. Further, the language of the policy expressly states that vehicles owned by any governmental unit or agency do not fall within the definition of "uninsured vehicles" on which recovery of uninsured motorist benefits may be based. For these reasons, Losiniecki has no right to recover uninsured motorist benefits from American with respect to the negligence of Officer Coan.

Affirmed.

HOFFMAN and BARTEAU, JJ., concur.

---

erage with respect to Lilley's negligence; rather, the trial court focused entirely on the claim for uninsured motorist benefits due to the negligence of Officer Coan. Undoubtedly, the trial court did not discuss the underinsured motorist benefits because Losiniecki failed to raise any allegation as to Lilley's negligence until he filed his response to American's motion for summary judgment. Nevertheless, the insurance policy issued by American was attached to American's motion for summary judgment and it was clearly considered by the trial court in granting the summary judgment. Because the language in the insurance contract is dispositive of this issue, there was no reversible error. We may affirm the summary judgment if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. T.R. 56(C).

3. IND.CODE 27-7-5-2(a)(2) (Supp.1992)