Gary J. CROPPER and Debbie I. Cropper, his wife, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation of the State of Illinois, Defendant.

C.A. No. 94C–10–025.

Superior Court of Delaware, Kent County.

Submitted: Feb. 27, 1995.
Decided: May 31, 1995.

This comment would presumably reach one who provides management skill while another contributes capital.

H. Clay Davis III, Henry Clay Davis III, P.A., Georgetown, for Plaintiffs.

Robert B. Young, Dover, for Defendant.

RIDGELY, President Judge.

Plaintiffs Gary J. Cropper and Debbie I. Cropper ("Croppers") have filed a complaint for declaratory judgment alleging that they are entitled to uninsured motorist benefits from the Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") under the contractual provisions of their policy and the statutory provisions of 18 *Del.C.* § 3902 as a result of an October 3, 1993 collision with a National Guard vehicle that was uninsured. The Croppers have moved for summary judgment contending that as a matter of law they are entitled to benefits, notwithstanding State Farm's policy exclusion of government-owned vehicles from the definition of uninsured vehicles. State Farm has filed a cross-motion for summary judgment which asserts that the Croppers are not entitled to benefits because the alleged tortfeasor is the United States Government which has "other security" as defined by § 3902, precluding the presence of an uninsured vehicle. For the reasons which follow, the

Court holds that the statutory definition of an uninsured vehicle within 18 *Del.C.* § 3902(a)(3)(a) encompasses a vehicle that is owned by the federal government. The Court further holds that a policy provision which excludes coverage of government-owned vehicles impermissibly limits the mandatory statutory coverage. State Farm's policy exclusion of government-owned vehicles is void as contrary to Delaware public policy.

## I. Background

The record in this case consists of the pleadings and copies of the police report of the collision and the Croppers' automobile insurance policy. The parties agree that on October 3, 1993, Plaintiff Gary Cropper was injured in an automobile accident caused by the negligent driving of Sergeant Timothy Miller ("Miller"). The vehicle Miller was driving was owned by the United States Government through the Delaware National Guard and was not covered by any insurance policy. When the Croppers demanded uninsured motorist benefits under the provisions of their policy, State Farm denied benefits upon the grounds that the vehicle driven by Miller was not an uninsured vehicle under 18 *Del. C.* § 3902(a)(3)(a) and because the State Farm policy excluded from the definition of an uninsured motor vehicle a land motor vehicle "owned by any government or any of its political subdivisions or agencies." This litigation involving legal issues of first impression in Delaware followed.

## II. Legal Standard for Summary Judgment

A motion for summary judgment requires the Court to examine the record to determine whether there are any genuine issues of material fact or whether the evidence is so one-sided that one party should prevail as a matter of law. *Burkhart v. Davies*, Del.Supr., 602 A.2d 56, 59 (1991), *cert. denied*, 504 U.S. 912, 112 S.Ct. 1946, 118 L.Ed.2d 551 (1992). The Court will consider the pleadings, any depositions, answers to interrogatories, admission on file, and affidavits in making its determination. Super.Ct.Civ.R. 56(c). If, after viewing the

record in the light most favorable to the non-moving party, the Court finds no genuine issue of material fact, summary judgment is appropriate. *Hammond v. Colt Industries Operating Corp.,* Del.Super., 565 A.2d 558, 560 (1989). However, summary judgment may not be granted when the record indicates a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances. *Wilson v. Triangle Oil Co.,* Del.Super., 566 A.2d 1016, 1018 (1989).

## III. Discussion

■ The Delaware uninsured motorist statute, 18 *Del.C.* § 3902, reads in pertinent part as follows:

> No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or hit-and-run vehicles for bodily injury, sickness, disease, including death, or personal property damage resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle.

The legislative purpose embodied in Delaware's uninsured motorist statute is "the protection of innocent persons from the negligence of unknown or impecunious tortfeasors." *State Farm Mutual Automobile Insurance Co. v. Washington,* Del.Super., 641 A.2d 449, 451 (1994); *see also Frank v. Horizon Assurance Co.,* Del.Super., 553 A.2d 1199, 1201 (1989) (citing *State Farm Mutual Automobile Insurance Co. v. Abramowicz,* Del. Supr., 386 A.2d 670, 672 (1978)). Insurance policy provisions designed to reduce or limit the coverage to less than that prescribed by the Delaware statute are void. *Frank,* 553 A.2d at 1201–02.

The Delaware legislature has defined an uninsured vehicle in § 3902(a) as follows:

> (3) For the purpose of this section, an uninsured vehicle shall be defined as:
>
> a. One for which there is no auto liability bond, insurance or other security applicable at the time of the accident in at least the amounts required by the financial responsibility law where the auto is principally garaged or registered;
>
> b. One for which the insuring company denies coverage or becomes insolvent; or
>
> c. A hit-and-run motor vehicle that causes an accident resulting in bodily injury or property damage to property of the insured. Bodily injury or property damage must be caused by physical contact of the hit-and-run vehicle with the insured or with an insured motor vehicle, or by a noncontact vehicle where the identity of both the driver and the owner of such vehicle are unknown. The accident must be reported to the police or proper governmental authority. The insured must notify his insurer within 30 days, or as soon as practicable thereafter, that the insured or his legal representative has a legal action arising out of the accident.

State Farm argues that because the United States Government is financially viable and exposed to liability under the Federal Tort Claims Act, 28 *U.S.C.A.* § 2674 (1994), it constitutes the "other security applicable" in 18 *Del. C.* § 3902(a)(3)(a) and, therefore, a government-owned vehicle is not an uninsured vehicle under the Delaware statute. It argues that because the Croppers are able to recover against the United States, the purpose of the statute to protect innocent persons injured by the negligence of tortfeasors "who have no means for recompensing the injured parties" is met. *See Abramowicz,* 386 A.2d at 672. The Croppers contend that their right to uninsured motorist benefits is not dependent upon the net worth of the owner of an uninsured car and that, as a matter of statutory construction, the financial credit of the United States Government is not in the same category as a liability bond or insurance.

A guide to the interpretation of statutes is the rule of *ejusdem generis* which means that "where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned." *Black's Law Dictionary* 464 (5th ed.1979). A liability bond and insurance are written evidence of an obligation or contract to protect the assured from liability for damages. *Id.* at 163, 721. In order to be in the same class as the above two examples, the "other security applicable at the time of the accident in at least the amounts required by the financial responsibility law" would have to be another instrument or contract evidencing an obligation to furnish a specified amount of financial protection. This Court agrees with the plaintiffs that this rule of statutory construction applies and holds that the "other security" enumerated in § 3902(a)(3)(a) is limited to an instrument or contract similar to an "auto liability bond" or "insurance" and does not embrace the more general concept of the financial viability of a tortfeasor. *Cf. Wenke v. Amoco Chemicals Corp.,* Del.Super., 290 A.2d 670, 673 (1972) (the rule limits the application of § 2704 to persons or professions within the same class as the "architects, engineers, and surveyors" mentioned in the statute). Since the government-owned vehicle involved in the collision with Mr. Cropper had no auto liability bond, insurance or other similar security, it falls within the statutory definition of an uninsured vehicle.

While State Farm's additional argument that recovery against a known, financially viable tortfeasor satisfies the purpose of the statute has some appeal, an examination of § 3902 as a whole does not lead this Court to conclude that the financial condition of the owner or operator of the vehicle is the sole focus of this statute. Subsection (b) of § 3902(a)(3), which defines as uninsured a vehicle for which the insuring company denies coverage or becomes insolvent, applies regardless of the underlying resources of the insured tortfeasor. Its inclusion in the statutory definition of an uninsured vehicle supports a broader scope to the statute than that espoused by State Farm.[1]

The broader scope of section 3902 is to promote the purchase of uninsured motorist coverage "to decrease the risk of loss to innocent motorists." *Frank,* 553 A.2d at 1205 (quoting *Home Insurance Co. v. Maldonado,* Del.Supr., 515 A.2d 690, 693 (1986)). The statute provides the insured with "self protection as though the tortfeasor carried the same liability coverage as that carried by the insured." *Brown v. Comegys,* Del.Super., 500 A.2d 611, 613 (1985); *see also Frank,* 553 A.2d at 1205. Once uninsured motorist coverage is purchased, the insurance consumer is entitled to secure the full extent of the benefit which the law requires to be offered. *Frank,* 553 A.2d at 1205. Attempts by insurers to reduce this benefit by exclusion clauses are repugnant to the public policy of protecting persons injured in automobile accidents. *Id.; see also Washington,* 641 A.2d at 453.

Insurance policy clauses excluding government-owned vehicles from the definition of uninsured motor vehicles are standard and have been challenged in numerous jurisdictions. *See* 1 A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 8.8 (2nd ed.1992). The majority of jurisdictions that have considered the validity of these clauses have found them void and unenforceable as contrary to their respective uninsured motorist laws. *Compare Higgins v. Nationwide Mutual Insurance Co.,* 291 Ala. 462, 282 So.2d 301 (1973); *McClellan v. Sentry In-*

---

1. The two cases cited by State Farm in support of its argument that uninsured motorist coverage protects only people otherwise devoid of financial protection are not persuasive on this issue. Both *Losiniecki v. American States Insurance Co.,* Ind.App., 610 N.E.2d 878 (1993), and *Karlson v. City of Oklahoma City,* Okla.Supr., 711 P.2d 72 (1985), were concerned with the legal issue whether, under the terms of the uninsured motorist statute, the insured was "legally entitled to recover" against the tortfeasor where, in the former case, the municipal tortfeasor was protected against any liability by sovereign immunity, and in the latter, the municipality's liability was limited by statute to an amount less than the insured's losses. In this case, State Farm concedes by the force of its argument that the Croppers are legally entitled to recover against the United States Government.

demnity Co., 140 Ariz. 558, 683 P.2d 757 (App.1984); *Johns v. Liberty Mutual Fire Insurance Co.,* Fla.App., 337 So.2d 830 (1976), *cert. denied,* Fla.Supr., 348 So.2d 949 (1977); *State Farm Mutual Automobile Insurance Co. v. Carlson,* 130 Ga.App. 27, 202 S.E.2d 213 (1973); *Franey v. State Farm Mutual Automobile Insurance Co.,* 5 Ill. App.3d 1040, 285 N.E.2d 151 (1972); *Hillhouse v. Farmers Insurance Co.,* 226 Kan. 68, 595 P.2d 1102 (1979); *Powell v. Allstate Insurance Co.,* La.App., 233 So.2d 38 (1970); *Young v. Greater Portland Transit District,* Me.Supr., 535 A.2d 417 (1987); *Martin v. State Farm Mutual Automobile Insurance Co.,* Mo.App., 755 S.W.2d 638 (1988); *Watters v. Dairyland Insurance Co.,* 50 Oh. App.2d 106, 361 N.E.2d 1068 (1976); *State Farm Automobile Insurance Co. v. Greer,* Okla.Supr., 777 P.2d 941 (1989); *Vaught v. State Farm Fire & Casualty Co.,* 413 F.2d 539 (8th Cir.1969) (holding that policy clause excluding automobiles owned by municipality was invalid under Arkansas Uninsured Motorist Act); *with Commercial Union Insurance Co. v. Delaney,* Ky.Supr., 550 S.W.2d 499 (1977) (holding that policy exclusion of government-owned vehicles is reasonable under statute which defines "uninsured motor vehicle" as subject to the terms and conditions of such coverage); *Jones v. Southern Farm Bureau Casualty Co.,* 251 S.C. 446, 163 S.E.2d 306 (1968) (where uninsured motorist chapter was by statute expressly made inapplicable to vehicles owned by government units); *Francis v. International Service Insurance Co.,* Tx.Supr., 546 S.W.2d 57 (1976) (holding that exclusion by State Board of Insurance of government-owned vehicles from definition of "uninsured automobile" was a rational exercise of Board's delegated authority, consistent with purposes of statute).

Delaware's statutory determination of what is included under the term "uninsured vehicle" does not specifically exclude any class of vehicles. The provision in State Farm's insurance policy impermissibly limits the broad and mandatory coverage of 18 *Del. C.* § 3902. The exclusion is repugnant to the clear public policy of this State in favor of uninsured motorist coverage and against any limitations upon such protection. *See Washington,* 641 A.2d at 453. This Court holds that State Farm's exclusion of government-owned vehicles from its definition of uninsured vehicles limits the scope of uninsured motorist protection to less than that prescribed by statute. The exclusion is invalid as a matter of law because it is contrary to Delaware's uninsured motorist statute, 18 *Del. C.* § 3902(a)(3)(a).

## IV. Conclusion

The statutory definition of an uninsured vehicle as set forth in Delaware's uninsured motorist law includes a government-owned vehicle that is not covered by an auto liability bond, insurance or other comparable security. The provision in State Farm's uninsured motorist insurance policy which excludes government-owned vehicles from coverage is void and unenforceable as contrary to the public policy of this State.

For the foregoing reasons, the Croppers' Motion for Summary Judgment is granted and State Farm's Cross–Motion for Summary Judgment is denied.