No. 49,729

MILDRED R. HILLHOUSE, *Appellant,* v. FARMERS INSURANCE COM-
PANY, INC., A CORPORATION, AND FREDERICK BAILEY, *Appellees.*

(595 P.2d 1102)

Opinion filed June 9, 1979.

*Donald W. Vasos,* of Scott, Daily, Vasos & Lester, of Kansas City, argued the
cause and was on the brief for the appellant.

*Robert D. Benham,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City,
argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

MILLER, J.: The sole issue in this case is the validity of a
provision in an automobile insurance policy excluding govern-
ment-owned motor vehicles from the definition of "uninsured
motor vehicles." We hold that the limiting definition is an attempt
to reduce coverage required by the Kansas Uninsured Motorist
statute, K.S.A. 40-284, and is therefore void and unenforceable.

Plaintiff, Mildred R. Hillhouse, sustained personal injury when
the car she was driving was rear ended by a dump truck owned by
the city of Kansas City, Missouri, and driven by Frederick Bailey,
a city employee. It developed that Bailey had no driver's license;
he was intoxicated; he owned no car of his own and had no
personal policy of liability insurance.

Kansas City, Missouri, under the authority of Mo. Rev. Stat.
71.185, had purchased liability insurance and had a policy in
effect on the date of the occurrence; the city and its insurance
carrier, however, denied liability because Bailey was on a per-
sonal errand and was not authorized to use the city's truck at the
time and place of the collision.

Plaintiff was insured in two separate policies of automobile
liability insurance issued in Kansas by defendant Farmers Insur-
ance Company. When Kansas City's insurer denied coverage,
plaintiff brought this action under the uninsured motorist provi-
sion of her policies, by which Farmers agrees:

"To pay all sums which the insured . . . shall be legally entitled to recover
as damages from the owner or operator of an uninsured motor vehicle because of

bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle . . . .

"DEFINITIONS

" 'Uninsured Motor Vehicle' means (1) a land motor vehicle . . . with respect to the ownership, maintenance or use of which there is . . . applicable insurance or bond but the company writing the same (a) denies coverage thereunder . . . ."

Farmers moved for summary judgment, alleging that plaintiff's injuries did not arise out of the operation or use of an "uninsured motor vehicle." This claim is based upon a further definition contained in the policy; it reads:

" 'The term "Uninsured Motor Vehicle" shall not include:

* * *

"(b) a motor vehicle * * * which is owned by the United States or Canada, or any state or province or any agency or political subdivision of any of them, * * *' "

The trial court sustained the motion and Mrs. Hillhouse appeals.

Uninsured motorist coverage is mandated by K.S.A. 40-284, and is required, with certain exceptions, in every automobile liability insurance policy issued in this state. We recently discussed the purpose of the statute and cited many of our cases construing it, in *Simpson v. Farmers Ins. Co.,* 225 Kan. 508, 592 P.2d 445 (1979), and we need not repeat what we said there. Consistently in our cases, however, we have held invalid and void various clauses which attempted to dilute or limit the statutorily mandated coverage.

We have not overlooked the arguments of counsel or the cases from other jurisdictions cited by counsel in their excellent briefs. The majority of those cases hold the government-owned vehicle exclusion void as an unauthorized limitation on the state mandated uninsured motorist coverage. But we need not rely upon cases from other jurisdictions since our own cases, cited in and including *Simpson,* are controlling: policy provisions which attempt to condition, limit, or dilute the broad coverage mandated by K.S.A. 40-284 are void.

The definition clause quoted above, which attempts to exclude all government-owned vehicles from uninsured motorist coverage, is an unwarranted invasion of the broad coverage required by the statute and it is therefore void.

The judgment of the district court, sustaining Farmers' motion for summary judgment, is reversed.