Sandra W. MIDILI, in her own right, and as Executrix of the Estate of Arnold W. Midili, Deceased, Appellant

v.

**ERIE INSURANCE GROUP, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1999.

Filed Jan. 11, 2000.

John P. Gismondi, Pittsburgh, for appellant.

Stephen P. McCloskey, Washington, for appellee.

Before McEWEN, President Judge, DEL SOLE, KELLY, POPOVICH, JOHNSON, FORD ELLIOTT, EAKIN, JOYCE, and STEVENS, JJ.

JOHNSON, J.:

¶ 1 This appeal asks us to determine the validity of a provision in an automobile insurance policy that precludes underinsured motorist coverage where the ostensibly underinsured vehicle is owned and operated by a government unit. We dispose of this appeal in accordance with our recent decision in *Kmonk–Sullivan v. State Farm Automobile Insurance Co.*, 746 A.2d 1118 (Pa.Super.1999), in which we concluded that such exclusions are contrary to the Motor Vehicle Financial Responsibility Law (MVFRL) and void against public policy. In the instant case, we reverse the judgment of the Court of Common Pleas of Washington County, which upheld an arbitration award denying underinsured motorist (UIM) benefits to an insured pursuant to a government vehicle exclusion in that insured's automobile insurance policy.

¶ 2 On October 2, 1994, Arnold W. Midili was killed in an automobile accident when the car he was driving was struck by a motor vehicle operated by an employee of Allegheny County. The parties stipulated that Mr. Midili's death resulted from the negligent conduct of the county employee. Sandra Midili, the decedent's wife, collected $500,000 in damages from Allegheny County. That amount was the maximum amount payable for a single tort claim against a local government unit under the Political Subdivision Tort Claims Act (PTSCA). 42 Pa.C.S. § 8553(b). Mrs. Midili then sought to recover $300,000 in UIM benefits under a personal automobile insurance policy issued to her and her decedent-husband by Erie Insurance Group (Erie). Although Erie agreed that Mrs. Midili's total damages exceed $800,000, Erie refused to pay the claim based on the government vehicle exclusion contained in the policy. The government vehicle exclusion in the policy states that an underinsured motor vehicle does not include motor vehicles owned by a government unit or agency. The exclusion pre-cluded Mrs. Midili from claiming UIM benefits under her policy, since Mr. Midili was killed in an automobile accident caused by the negligence of an Allegheny County employee operating a vehicle owned by Allegheny County.

¶ 3 On June 20, 1997, a board of arbitrators, in a 2–1 decision, found in favor of Erie. The Honorable Thomas D. Gladden of the Court of Common Pleas of Washington County adopted the arbitrators' decision on October 27, 1997, and refused Mrs. Midili's motion to vacate that award. Subsequently, Mrs. Midili filed an appeal with this Court. On September 3, 1998, a three-judge panel of this Court upheld the denial of benefits to Mrs. Midili. *See Midili v. Erie Ins. Group*, 1999 Pa. Lexis 14 (Pa.Super. filed Jan. 22, 1999). We granted re-argument, and on April 1, 1999, an *en banc* panel of this Court heard argument in this case jointly with *Kmonk–Sullivan*, which presented the same legal issues, i.e. whether the government vehicle exclusion violates the MVFRL or is against public policy.

¶ 4 In a letter dated May 28, 1996, counsel for Erie stipulated that, "[Erie's] underinsured motorist coverage is due and payable if [Mrs. Midili] prevails on the legal issues" that is, if the government vehicle exclusion is "held to be unenforceable." We decided that the government vehicle exclusion violates the terms of the MVFRL and is against public policy. *See Kmonk–Sullivan v. State Farm Automobile Insurance Co.*, 746 A.2d 1118 (Pa.Super.1999). Pursuant to our Opinion in *Kmonk–Sullivan*, we conclude that the government vehicle exclusion in Mrs. Midili's policy with Erie is unenforceable. We reverse the judgment of the Court of Common Pleas of Washington County, which upheld the denial of UIM benefits, and remand with instructions to enter judgment in favor of Mrs. Midili.

¶ 5 Judgment **REVERSED**. Case **REMANDED** with instructions to enter judg-

ment in favor of Sandra W. Midili. Jurisdiction **RELINQUISHED**.