OPINION
WEIS, Circuit Judge.
Plaintiff Deborah Willett, Administratrix of the Estate of David P. Willett, her son, appeals an order granting summary judgment to the defendant, Allstate Insurance Company, which had denied the plaintiffs claim for underinsured motorist benefits. Finding no error, we will affirm.
David Willett, age 18 and a resident of Pennsylvania, died as a result of an auto accident on June 29, 2006, in Waldo, Maine. He was a passenger in the car operated by Maine resident Thomas Piers-iak, whose negligence was the sole cause of the crash. Plaintiff settled the claim with Piersiak’s auto insurance carriers for $454,249. That settlement was approved by the Court of Common Pleas of Chester County, Pennsylvania, the decedent’s domicile, after a hearing on July 9, 2007.[1]
Plaintiff then filed this suit, seeking to recover $100,000 in underinsured motorist benefits under Mrs. Willett’s auto insurance policy with Allstate. Contending that the estate had already received all damages to which the decedent was entitled under the policy and, therefore, Piersiak was not an “underinsured motorist,” Allstate denied the claim. Both parties moved for summary judgment, which was entered in favor of Allstate. Plaintiff timely appealed.[2]
The parties stipulated that, although Piersiak had over $795,000 in additional liability coverage, the settlement of $454,249 represented the maximum recoverable damages under Maine law.[3] Allstate also conceded that the decedent was an insured under Mrs. Willett’s policy.
That policy’s underinsurance provision satisfies the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law (“MVFRL”), 75 Pa.C.S.A. § 1701 et seq. Specifically, the policy provides, “we will pay damages ... for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured auto.” An underinsured auto is defined in the policy as “[a] motor vehicle which has bodily injury liability protection ... but its limit for bodily injury liability is less than the damages the insured person is legally entitled to recov *351 er.” This language essentially mirrors the MVFRL.[4]
The Allstate policy was issued in Pennsylvania to a Pennsylvania resident. The interpretation of its contractual provisions is a matter of Pennsylvania law. See, e.g., McMillan v. State Mut. Life Assur. Co. of Am., 922 F.2d 1073, 1074-75 (3d Cir.1990) (“[W]e look to the law of Pennsylvania, the state where the policy of insurance was contracted and delivered, for guidance in construing [the] policy.”).
The issue in this case is, therefore, the meaning of the policy language limiting recovery to damages that decedent was “legally entitled” to recover from Piersiak. This phrase clearly and unambiguously states that coverage depends upon the decedent’s legal right to damages from Piers-iak. If decedent has no right to recover damages from Piersiak, then Allstate has no responsibility under its policy. If decedent has a right to recover only partial damages from Piersiak, then Allstate is required to pay only that amount. In short, Allstate’s contractual liability, as established by the provisions of its policy, is derivative of Piersiak’s tort liability.
Piersiak’s tort liability is determined by Maine law. See Cipolla v. Shaposka, 439 Pa. 563, 267 A.2d 854 (1970) (Delaware law would determine amount of tort damages where Pennsylvania resident was injured in Delaware by negligence of Delaware driver while riding in car registered in Delaware). The fact that decedent was domiciled in Pennsylvania neither permits plaintiff to invoke Pennsylvania law to resolve Piersiak’s liability in tort, nor defeats damage limitations imposed by Maine law. And, nothing in Allstate’s policy provides for the determination of Piersiak’s tort liability based on Pennsylvania contractual law.
No conflict of laws issue bears on this question because Piersiak was not a party to any suit filed by the decedent in Pennsylvania. Accordingly, Maine tort law controls the “legally entitled” limitation in Allstate’s policy.
The plaintiffs reliance on Kmonk-Sullivan v. State Farm Mutual Automobile Insurance Co., 567 Pa. 514, 788 A.2d 955 (2001), is misplaced. In that case, the Pennsylvania Supreme Court held that the MVFRL overrode a Pennsylvania statutory limit on damages recoverable from an accident caused by a government-owned vehicle. Consequently, in Pennsylvania, a government bus was “underinsured” because the amount of damages recoverable by plaintiffs was restricted by Pennsylvania statute.
However wide-ranging its discussion, Kmonk-Sullivan’s holding is limited to the effects of statutory damages caps imposed by Pennsylvania law for injuries incurred in Pennsylvania due to the negligence of a Pennsylvania agent. It did not purport to affect, nor could it affect, the tort law of any other state. See id. at 962 (summarizing its holding that “the insurance policies, which purported to apply a more restrictive definition of underinsured motor vehicles, are inconsistent with the [MVFRL], Consequently, the government vehicle exclusion [in the policy] cannot stand.”). Kmonk-Sullivan is irrelevant to the issues in the case before us.
As plaintiff concedes, the estate has already recovered the maximum amount of damages available from the tortfeasor, Piersiak. That the estate might have been *352 “legally entitled” to additional non-economic damages had the accident happened elsewhere than Maine does not, under the MVFRL or the terms of the Místate policy, entitle plaintiff to underinsurance motorist benefits here. Accordingly, the District Court was correct in holding that plaintiff was not “legally entitled” to un-derinsurance motorist benefits.
The order granting summary judgment to Místate will be affirmed.

. Under Pennsylvania law, court approval is required for settlement of death claims. Pa. R.C.P. 2206(a).

. See Nazay v. Miller, 949 F.2d 1323, 1328 (3d Cir.1991) (denial of summary judgment ap-pealable when “raised in tandem with an appeal of an order granting a cross-motion for summary judgment”). The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

.See Me.Rev.Stat. Ann. tit. 18-A § 2-804(b) (2000) (in action for wrongful death, “jury may give damages not exceeding $400,000 for the loss of comfort, society and companionship of the deceased”).

. See 75 Pa.C.S.A. § 1731(c) ("[u]nderinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles”).