CONCURRING AND DISSENTING OPINION BY
President Judge PELLEGRINI.
,. I dissent from the portion of the majority’s opinion regarding the School Reform *1123 Commission’s authority to suspend Section 1723-A(d) of the Charter School Law[1] relating to charter school enrollment caps because Section 696(i)(3) of the Public School Code of 1949 (School Code)[2] specifically empowers it to do so.
As indicated, Section 696(i )(3) specifically empowers the School Reform Commission to suspend the requirements of the School Code and the Charter School Law and the related regulations except for the sections of those statutes enumerated therein.[3] Because the General Assembly did not include Section 1723-A(d) of the Charter School Law as one of Section 696(i )(3)’s enumerated exceptions, the School Reform Commission is specifically empowered thereby to suspend the charter school enrollment cap requirements of Section 1723-A(d) notwithstanding the fact that it is more specific than the general powers conferred by Section 696(i)(3) or that it was enacted later in time.
Further, contrary to the majority’s assertion, Section 696(i )(3) is not ambiguous with respect to its application to Section 1723-A(d). While there may be an instance in which we should rightly determine, that the School District of Philadel *1124 phia (School District) is inappropriately-applying this provision beyond its proper scope, this is not that case and Section 696(i )(3) clearly states that it applies “notwithstanding any other law to the contrary” and is not merely limited. to the employment of superintendents or the requirements of Section 1732-A.[4] As a result, the majority erred in ignoring the unambiguous and explicit provisions of Section 696(i)(3) of the School Code in disposing of this appeal. See Section 1922(2) of the Statutory Construction Act, 1 Pa.C.S. § 1922(2) (“When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.”); Section 1924 of the Statutory Construction Act, 1 Pa.C.S. § 1924 (“Exceptions expressed in a statute shall be construed to exclude all others.”).[5]
Accordingly, I respectfully dissent from that part of the majority’s opinion affirming the trial court on the issue of the charter school enrollment caps and the denial of funding where the caps are exceeded; I concur in the remainder of the majority’s opinion.

. Act of March 10, 1949, P.L. 30, added by Act of April 27, 1998, P.L. 270, as amended, 24 P.S. § 6-696(0(3). Section 696(0(3) states:
(i) In addition to all powers granted to the superintendent by law and a special board of control under section 693 and notwithstanding any other law to the contrary, the School Reform Commission shall have the following powers:
[[Image here]]
(3) To suspend the requirements of this act and regulations of the State Board of Education except that the school district shall remain subject to those provisions of this act set forth in sections 1073, 1073.1, 1076, 1077, 1078, 1080, 1732-A(a), (b) and (c), 1714-B and 2104 and regulations under those sections.

.As the Pennsylvania Supreme Court has explained:
[O]ur paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. See 1 Pa.C.S.[] § 1921(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.”); Nationwide Ins. Co. v. Schneider, [599 Pa. 131, 960 A.2d 442, 448 (2008)]. Generally, the best indication of the General Assembly’s intent may be found in the plain language of the statute. Martin v. Commonwealth Dep’t of Transp. Bureau of Driver Licensing, [588 Pa. 429, 905 A.2d 438, 443 (2006)]. In this regard, “it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.” Commonwealth v. Rieck Investment Corp., [419 Pa. 52, 213 A.2d 277, 282 (1965)]. Consequently, "[a]s á matter of statutory interpretation, although one is admonished to listen attentively to what a statute says[;] [o]ne must also listen attentively to what it does not say.” Kmonk-Sutlivan v. State Farm Mut. Auto. Ins. Co., [567 Pa. 514, 788 A.2d 955, 962 (2001)] (internal quotations omitted).
Piper Group, Inc. v. Bedminster Township Board of Supervisors [612 Pa. 282], 30 A.3d 1083, 1091-92 (Pa.2011) (citation omitted).

. 24 P.S. § 17-1732-A. As noted by the majority, Section 1732-A makes a list of statutes and regulations that are applicable to public schools applicable to charter schools as well.

. Nevertheless, to the extent that Section 696(z )(3) is ambiguous, it makes perfect sense that the General Assembly excluded the School Reform Commission from the requirements of Section 1723-A(d) and permitted it to maintain the current caps on the number of students in charter schools in the School District to prevent the further dilution of the School District's already limited financial resources. See, e.g., Delaware County v. First Union Corporation, 605 Pa. 547, 992 A.2d 112, 118-19 (2010) (holding that in undertaking the analysis of an ambiguous statute, the court may consider the object to be attained b.y the statute under review, as well as the consequences of specific interpretations, and the manner in which the General Assembly would likely have intended the statute to interact with the other legislation implicated by the underlying circumstances).