**[J-87-2022] [MO: Brobson, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 796 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | May 5, 2022 in the Court of |
| | : | Common Pleas, Lancaster County, |
| v. | : | Criminal Division at No. CP-36-CR- |
| | : | 0002879-2010 |
| | : | |
| JAKEEM LYDELL TOWLES, | : | SUBMITTED:  December 2, 2022 |
| | : | |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE DONOHUE**                    **DECIDED:  August 22, 2023**

I join the Majority Opinion.  Appellant Jakeem Lydell Towles ("Towles"), who was convicted of first-degree murder and sentenced to death in 2012, filed a facially untimely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Towles claimed that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose to him that the Commonwealth threatened its trial witness, Antwain Robinson ("Robinson"), with criminal charges if he refused to testify against Towles.[1] Although Towles alleged that his petition was timely filed pursuant to the governmental interference and newly discovered facts timeliness exceptions, the PCRA court dismissed the petition on the grounds that Towles failed to meet either exception because he did not exercise due diligence in ascertaining the information underlying his substantive *Brady*

---

[1] "Under *Brady* and the decisional law it has spawned, … a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature."  *Commonwealth v. Chmiel*, 364, 30 A.3d 1111, 1129 (Pa. 2011).

claim. Thus, the PCRA court concluded that Towles' petition did not overcome the PCRA's one-year time bar. PCRA Court Opinion, 5/5/2022, at 10-17. The PCRA court also concluded that Towles' *Brady* claim lacks merit. *Id.* at 18-24.

The Majority affirms the PCRA court's order on the basis that Towles failed to prove at his PCRA hearing that his petition meets the more general requirements of the governmental interference and newly discovered facts exceptions. I agree with this conclusion and, therefore, join the Majority Opinion. I write separately to express my views on the text of the governmental interference exception and the case law that the PCRA court relied upon for concluding that this exception contains a due diligence component. The Majority acknowledges that "questions may endure about the appropriateness of a due diligence inquiry when analyzing timeliness Section 9545(b)(1)(i)." Majority Op. at 27 n.18. To me, there is more than a tension because a due diligence requirement is not part of Subsection 9545(b)(i), and our case law to the contrary is patently incorrect.

Because Towles' PCRA petition was facially untimely filed, he carried the burden of alleging and proving that his petition meets an exception to the PCRA's one-year time bar. Towles alleged that his petition meets the exceptions found in Subsections 9545(b)(1) and (2) of the PCRA, i.e., the governmental interference and newly discovered facts exceptions, which state as follows:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution

or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

42 Pa.C.S. § 9545(b)(1)(i) & (ii).

The plain language of these subsections of the PCRA establishes that, while the newly discovered facts exception has an express due diligence requirement, the governmental interference exception does not. In all instances, the starting point of our interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. 1 Pa.C.S. § 1921(a). Ordinarily, the best indication of the General Assembly's intent is found in the plain language of the statute. *Martin v. Commonwealth Dep't of Transp. Bureau of Driver Licensing*, 905 A.2d 438, 443 (Pa. 2006). "[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include." *Piper Grp., Inc. v. Bedminster Twp. Bd. of Supervisors*, 30 A.3d 1083, 1092 (Pa. 2011) (quoting *Commonwealth v. Wright*, 14 A.3d 798, 814 (Pa. 2011) and citing *Commonwealth v. Rieck Investment Corp.*, 213 A.2d 277, 282 (Pa. 1965)). We also have emphasized that "[a]s a matter of statutory interpretation, although one is admonished to listen attentively to what a statute says[;] [o]ne must also listen attentively to what it does not say." *Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001).

An interpretation of the language of the governmental interference exception that includes a due diligence requirement violates these fundamental principles, as it adds "due diligence" language to the text of the statute. Moreover, it ignores the fact that the General Assembly knew how to include a due diligence requirement in a PCRA timeliness exception, as it explicitly did so in the immediately following subsection, i.e., the newly discovered facts exception. In giving effect to the unambiguous language of both

subsections, the newly discovered facts exception includes a due diligence requirement, while the governmental interference exception does not.

I am aware that this Court has on several occasions held that the governmental interference exception includes a due diligence requirement. *See, e.g.*, *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008); *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006). *See* Majority Op. at 19-20 n.14. The genesis for this line of cases appears to be this Court's decision in *Commonwealth v. Breakiron*, 781 A.2d 94 (Pa. 2001), a capital PCRA appeal in which we affirmed a PCRA court's rejection of a petitioner's invocation of the governmental interference exception on the grounds that he had failed "to offer a reasonable explanation as to why this information, with the exercise of due diligence, could not have been obtained earlier." *Id.* at 98.

In announcing this proposition, the *Breakiron* Court did not engage in a statutory construction analysis of Subsection 9545(b)(1)(i). Rather, the Court cited to *Commonwealth v. Yarris*, 731 A.2d 581, 590 (Pa. 1999), and *Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa. Super. 2000). *Breakiron*, 781 A.2d at 98. However, these pinpoint citations to *Yarris* and *Vega* guide the reader to discussions of the newly discovered facts exception, which expressly includes a due diligence requirement, and the directive of Subsection 9545(b)(2) of the PCRA, which, at the time, mandated that a petition invoking a timeliness exception had to be filed within sixty days of the date on which the claim could have been presented.[2] Further, in the parenthetical explanations that follow these citations, the *Breakiron* Court specifically referenced Subsection 9545(b)(2).

---

[2] The Legislature expanded the sixty-day requirement to one year, which became effective in December of 2018. Act of Oct. 24, 2018, P.L. 894, No. 146 (eff. in sixty days). Subsection 9545(b)(2) now states in full as follows: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In my view, when the above-mentioned principles of statutory construction are employed to analyze Subsection 9545(b)(2), it is evident that the provision does not contain the investigative component of a "due diligence requirement," as it does not reference or otherwise impose an affirmative duty on a petitioner to make efforts to discover facts supportive of his claim. *See*, *e.g.*, *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (explaining that due diligence requires "a showing the party has put forth reasonable effort to obtain the information upon which a claim is based") (internal quotation marks and citation omitted). Rather, Subsection 9545(b)(2) only explicitly requires that a PCRA petition be filed within the relevant timeframe "of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Subsection 9545(b)(2) is a date-of-filing requirement akin to a statute-of-limitations because it simply directs a PCRA petitioner who invokes the timeliness exceptions to allege and prove that he filed his petition within one year of the date that the claim could have been presented, i.e., within one year of the day that the petitioner could have presented his claim to a court.

Unlike the way that the *Breakiron* Court analyzed the governmental interference exception and the time requirement of Subsection 9545(b)(2), the Court in *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007), expressly referenced the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991, and employed its principles in ascertaining the legislative intent that animates the newly discovered facts exception. Consistent with the plain language of Subsection 9545(b)(1)(ii) of the PCRA, the *Bennett* Court held that this provision requires a "petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" *Bennett*, 930 A.2d at 1270. This holding undid confusing case law which suggested that, to meet the dictates of Subsection 9545(b)(1)(ii), a petitioner had to plead and prove a substantive

after-discovered-evidence claim.[3]  In my view, a similar interpretive adjustment needs to occur with the governmental interference timeliness exception.

I further observe that, in *Stokes*, this Court held that the absence of a due diligence requirement would "negate – wholly" the PCRA's timeliness requirements because it would permit a PCRA petition to be filed "**at any time**, so long as the claim is couched in terms of a *Brady* violation."  *Stokes*, 959 A.2d at 311 (emphasis in original).  I must respectfully disagree, as Subsection 9545(b)(2)'s time requirement still necessitates that a *Brady* claim be filed within (now) one year of the date that the petitioner first learns of the facts that support the claim.  In this regard, the essential difference between the assertion of the governmental interference exception and the newly discovered facts exception is that the latter requires the petitioner to demonstrate that he or she acted with due diligence in discovering the facts underlying the claim, while the governmental interference exception does not include a similar obligation.  If a petitioner establishes the applicability of the governmental interference exception, his petition must be deemed timely filed if he filed it within one year of the date that the claim could have been presented.

This distinction between the governmental interference and newly discovered facts exceptions has a firm policy basis.  Prosecutors play a unique role in our judicial system.  The Pennsylvania Rules of Professional Conduct provide that "[a] prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence."  Pa.R.P.C. 3.8,

---

[3]  Unlike the newly discovered facts exception, to prove an after-discovered-evidence claim, a defendant must demonstrate that:  "(1) the new evidence could not have been discovered until after the trial despite reasonable diligence; (2) the new evidence is not to be used for merely cumulative or impeachment purposes; and (3) the new evidence is of such a nature that it would compel a different outcome if it had been introduced at trial." *Commonwealth v. Small*, 741 A.2d 666, 673 (Pa. 1999).

Explanatory Comment 1 (Special Responsibilities of a Prosecutor). This Court has likewise recognized that prosecutors have "the responsibility of a minister of justice and not simply that of an advocate." *Commonwealth v. Briggs*, 12 A.3d 291, 331 (Pa. 2011).

As a result, a criminal defendant (and his or her counsel) need not presume that the prosecutor assigned to his case has suppressed evidence, relied upon false evidence, or otherwise unlawfully interfered with the presentation of a claim. To the contrary, given the role of prosecutors in our criminal justice system, compliance with the dictates of the law should be presumed. Consistent with this principle, when enacting the PCRA, the General Assembly did not impose an affirmative duty on criminal defendants to actively seek evidence of unlawful governmental interference with the presentation of a claim. Indeed, it is antithetical to the integrity of our criminal justice system to allow a conviction to stand because a defendant did not affirmatively ferret out evidence to establish that the government procured his or her conviction by hiding evidence.

Given my view in this regard, I believe that, to meet the governmental interference exception, the plain language of Subsection 9545(b)(1)(i) required Towles to prove at the PCRA evidentiary hearing that the government unlawfully interfered with his ability to previously present his *Brady* claim. 42 Pa.C.S. § 9545(b)(1)(i). Regarding the newly discovered facts exception, Towles was required to prove that the facts upon which his *Brady* claim is predicted were unknown to him and could not have been ascertained by the exercise of due diligence. *Id.* § 9545(b)(1)(ii); *Bennett*, 930 A.2d at 1270. The Majority correctly concludes that Towles failed to meet his evidentiary burden as to both of these exceptions; thus, I join the Majority Opinion.