PRUDENTIAL PROPERTY AND
CASUALTY INSURANCE
COMPANY, Appellee

v.

Helen S. ZIATYK, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 27, 2001.

Filed Feb. 27, 2002.

Jeffrey P. Fritz, Philadelphia, for appellant.

Charles W. Craven, Philadelphia, for appellee.

Before: McEWEN, P.J.E., JOHNSON, and JOYCE, JJ.

McEWEN, P.J.E.

¶ 1 This appeal has been taken from the order entered in this declaratory judgment action which held that Helen Ziatyk was not entitled to underinsured motorist benefits under the policy issued to her husband by appellee Prudential Property and Casualty Insurance Company (hereinafter Prudential) because the rental truck in which Helen Ziatyk was injured while riding as a passenger was not a "car" as defined by the Prudential policy. As this ruling constituted an error of law, we are constrained to reverse.

¶ 2 The Motor Vehicle Financial Responsibility Law requires that an insurer

[i]ssuing or delivering **liability insurance policies covering any motor vehicle of the type required to be registered under this title,** except recreational vehicles not intended for

highway use, motorcycles, motor-driven cycles, or motorized pedal cycles or like type vehicles, registered and operated in this Commonwealth, shall include coverage providing a medical benefit in the amount of $5,000 ....

75 Pa.C.S. § 1711(a) (emphasis supplied).

¶ 3 Section 1731 of that same Act further provides:

§ 1731. Availability, scope and amount of coverage

(a) Mandatory offering.—No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and underinsured motorist coverages is optional.

* * * *

(c) Underinsured motorist coverage.— Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:

. . . .

75 Pa.C.S. § 1731(a), (c) (emphasis supplied).

¶ 4 Thus, Section 1731(a) of the Motor Vehicle Financial Responsibility Law provides that insurers issuing liability insurance policies in this Commonwealth covering any motor vehicle of the type required to be registered under the Vehicle Code must offer underinsured motorist coverage to their insureds. That coverage, unlike the limited and full tort insurance options,[1] must provide coverage for injuries "arising out of the maintenance or use of a motor vehicle." 75 Pa.C.S. § 1731(c) (emphasis supplied).[2]

1. The limited tort provisions of Section 1705 of the Motor Vehicle Financial Responsibility Law, unlike the majority of other provisions of the Act, are applicable only to "private passenger motor vehicle liability insurance polic[ies]." 75 Pa.C.S. § 1705(a)(1). Section 1702 of the Motor Vehicle Financial Responsibility Law defines a "private passenger motor vehicle" as

A four-wheel motor vehicle, except recreational vehicles not intended for highway use, which is insured by a natural person and:
(1) is a passenger car neither used as a public or livery conveyance nor rented to others; and
(2) has a gross weight not exceeding 9,000 pounds and is not principally used for commercial purposes other than farming.
The term does not include any motor vehicle insured exclusively under a policy cov-

ering garage, automobile sales agency repair shop, service station or public parking place operation hazards.
75 Pa.C.S. § 1702 (emphasis supplied).

2. Section 1702 of the Motor Vehicle Financial Responsibility Law defines "underinsured motor vehicle" as "A motor vehicle which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages." 75 Pa.C.S. § 1702 (emphasis supplied). The Motor Vehicle Financial Responsibility Law does not provide a separate definition of "motor vehicle", but Section 102 of the Vehicle Code defines a "motor vehicle" as "a vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." 75 Pa.C.S. § 102.

¶ 5 Thus, pursuant to the provisions of the Motor Vehicle Financial Responsibility Law, Prudential was **required** by the express terms of the statute to offer to every one of its insureds the opportunity to purchase underinsured motorist coverage which would provide uninsured motorist benefits whenever an insured, who had purchased that coverage, "suffer[ed] injury arising out of the maintenance or **use of a motor vehicle** and [was] legally entitled to recover damages therefor from [the] owner[ ] or operator [ ] of [the] underinsured motor vehicle[ ]." 75 Pa.C.S. § 1731(c) (emphasis supplied). "The purpose of underinsured motorist coverage is to protect the insured (and his additional insureds) from the risk that a negligent driver of another vehicle will cause injury to the insured (or his additional insureds) and will have inadequate coverage to compensate for the injuries caused by his negligence." *Wolgemuth v. Harleysville Mutual Insurance Co.*, 370 Pa.Super. 51, 535 A.2d 1145, 1149 (1988) *(en banc), appeal denied,* 520 Pa. 590, 551 A.2d 216 (1988).

¶ 6 The parties stipulated that the Ziatyks were insured by Prudential under a policy issued to Donald Ziatyk, Sr., which provided underinsured motorist benefits for Helen Ziatyk. Prudential claimed, however, that as a result of the wording of its policy,[3] it had no obligation to pay

---

3. Part 5 of the Prudential policy which governs UIM coverage provides:

**WHAT CARS ARE COVERED (PART 5)**
**CARS DESCRIBED ON THE DECLARATIONS**
This part covers **cars** for which a premium charge for this coverage is shown on the Declarations.
**REPLACEMENT CARS**
If **you** acquire ownership of a **car** to replace a **car** covered under this part, the newly acquired **car** has the same coverage as the old **car**. **You** must notify **us** of the replacement within 30 days after you acquire the **car** for coverage to continue after 30 days.
**ADDITIONAL CARS**
If **you** acquire ownership of another **car** in addition to those described as covered under this part, this part covers the new **car** for the first 30 days. The new **car** has the same coverage as any of **your** other **cars** insured with **us**. All **your** other **cars** must be insured with **us** for this part to cover the additional **car**.
**You** must let **us** know within 30 days after you acquire ownership of the new **car** that **you** want it insured under this part, for coverage to continue after 30 days.
**SUBSTITUTE CARS**
If a **car** covered under this part breaks down, is being serviced or repaired, or is stolen or destroyed, **we** will cover a **car you** borrow temporarily (with the owner's permission) while **your car** is being repaired or replaced. This **car** cannot be owned by **you** or a **household resident**. The substitute **car** has the same coverage as the **car** that is out of service.
**OTHER NON–OWNED CARS**
In addition to **SUBSTITUTE CARS**, **we** will cover a **non-owned car**. The owner must give permission to use it. The **non-owned car** must be used in the way intended by the owner. This includes a rented **car** for a period of up to 30 consecutive days. The **non-owned car** has the same coverage as any one of **your cars** insured with **us**.
The policy defines the term "car" as follows:
A **car** is a private passenger automobile, station wagon, jeep-type, or van with four wheels which is designed for use mainly on public roads. A pick-up truck with four or six wheels and a load capacity of one ton or less is also a **car**.
**WHO IS INSURED (PART 5)**
**IN YOUR CAR (INCLUDES A SUBSTITUTE CAR)**
**You** and a **resident relative** are insured while using **your car** or a substitute **car** covered under this part.
Other people are insured while using **your car** or a substitute **car** covered under this part if **you** give them permission to use it. They must use the **car** in the way **you** intended.
**IN A NON–OWNED CAR**
**You** and a **resident relative** are insured while using a **non-owned car**. The owner must give permission to use it. It must be used in the way intended by the owner.
**HIT BY A MOTOR VEHICLE**

underinsured motorist benefits to Mrs. Ziatyk since she was a passenger in a rented U–Haul truck with a load capacity over one ton, rather than a "car", at the time of the accident.

¶ 7 As noted by the trial court, "Prudential contends that its policy provided UIM benefits to Mrs. Ziatyk only where she was a passenger in a 'car' or where she was a pedestrian struck by a motor vehicle." However, Prudential's attempted restriction of the benefits required by law to be offered to Pennsylvania insureds is void as directly contrary to the requirements of Section 1731 of the Motor Vehicle Financial Responsibility Law.

¶ 8 Our Supreme Court, in reviewing the government owned vehicle exclusion for UIM coverages which had been inserted in policies issued by insurers, including Prudential, held:

> Insurers' policy exclusion is contrary to the [Motor Vehicle Financial Responsibility Law] because it ATTEMPTS TO WITHDRAW COVERAGE THAT THE LEGISLATURE REQUIRED IT TO OFFER. We, therefore, agree with the majority of State Appellate Courts that have considered this issue and conclude that the insurance policy definition of underinsured vehicle, which excludes government vehicles, "... is an unwarranted invasion of the broad coverage required by the statute and is, therefore, void." *Hillhouse [v. Farmers Insurance Co., Inc.,* 226 Kan. 68] 595 P.2d at 1103–1104. Accordingly, the exclusion is ineffective.

*Kmonk–Sullivan v. State Farm Mutual Auto. Ins. Co.,* 567 Pa 514, 525–526, 788 A.2d 955, 962 (2001) (emphasis supplied; footnotes omitted).

**You** and a **resident relative** are insured if hit by an underinsured **motor vehicle** while

¶ 9 As the policy provisions under review in the instant case constitute an even clearer violation of the Motor Vehicle Financial Responsibility Law, we have no hesitancy in declaring the provisions void. Moreover, while the Supreme Court termed the exclusion of government vehicles "an unwarranted evasion of the broad coverage required by the statute", we have no reservation about describing the exclusion here attempted as a flagrant evasion of the clear and certain requirement of the statute.

¶ 10 Order reversed. Case remanded. Jurisdiction relinquished.